IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SAMUEL JETER,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER DENYING MOTION<br>PURSUANT TO 28 U.S.C. § 2255<br><br><br><br>Case No. 2:07-cv-00283 |

Samuel Jeter has filed a motion for relief pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. But the trial record belies the specific claims of error Mr. Jeter relies upon. For this reason, the court must deny Mr. Jeter's § 2255 motion.

### BACKGROUND

A grand jury indicted Mr. Jeter on September 22, 2004, for conspiring to distribute cocaine, conspiring to manufacture crack cocaine, and possessing five kilograms or more of cocaine with the intent to distribute it. All the charges arose from a traffic stop, and each charge carried a mandatory minimum sentence of ten years imprisonment.

Mr. Jeter filed a motion to suppress various evidence on November 9, 2004. The court held an evidentiary hearing on the motion in December 2004, after which the court tentatively denied the motion to suppress. The court, however, allowed the parties to brief the relevant

issues before reaching a final decision. The court heard post-briefing argument at a hearing on April 14, 2005. On April 20, 2005, the court denied Mr. Jeter's motion to suppress in a memorandum decision.

Mr. Jeter conditionally pleaded guilty to possessing five or more kilograms of cocaine with the intent to distribute (count III of the indictment) on April 27, 2005. Mr. Jeter preserved the right to appeal the court's denial of his motion to suppress.

The court ultimately sentenced Mr. Jeter to 151 months in prison, on July 12, 2005. Mr. Jeter appealed to the Tenth Circuit. On June 5, 2006, the Tenth Circuit affirmed the court's denial of the motion to suppress. Finally, on April 26, 2007, Mr. Jeter filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging his counsel was ineffective. This motion is at issue in this order.

### DISCUSSION

In his motion, Mr. Jeter alleges his counsel was ineffective during the evidentiary hearing on the motion to suppress. Specifically, Mr. Jeter alleges his counsel improperly failed to attack a testifying police officer's testimony in multiple ways.

To establish his counsel was ineffective, Mr. Jeter must show his counsel's performance was significantly "deficient and that he was prejudiced by that deficiency."[1] Mr. Jeter's representation must have fallen below an objective standard of reasonableness to satisfy the first prong. Additionally, he must show "there is a reasonable probability that, but for counsel's

---

[1] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

unprofessional errors, the result of the proceeding would have been different."[2]  The court looks at an ineffective assistance of counsel claim with "a strong presumption that counsel provided effective assistance of counsel," and Mr. Jeter "has the burden of proof to overcome that presumption."[3]

The court finds Mr. Jeter has failed to establish that his counsel's performance during the evidentiary hearing on the motion to suppress fell below objective standards of reasonableness. Mr. Jeter's specific claims of error are that his counsel failed to attack police officer Steve Salas, the government's main witness, regarding the following issues: (1) Officer Salas' credibility about the stop and the consent to search, and the videotape running out; (2) Officer Salas' alleged racial profiling, (3) the failure of the government to provide evidence of the speed recorded on the radar gun; (4) Officer Salas' testimony regarding drug indicators; (5) Officer Salas' history dealing with tinted windows at stops; and (6) the lack of a videotape of the stop.  The court finds that the trial record itself defeats all of Mr. Jeter's claims of ineffectiveness.

To put it simply, the record establishes that Mr. Jeter's counsel addressed the issues mentioned by Mr. Jeter when cross examining Officer Salas, as well as various other relevant points.  For instance, his counsel questioned Officer Salas about: (1) Officer Salas' failure to record the consent to search, and the video tape running out; (2) the radar gun and whether it produced a record of Mr. Jeter's speed; (3) the window tint; (4) the length of the stop; (5) the reliability of the "indicators" Officer Salas relied upon; (6) Officer Salas' actions after the stop;

---

[2] *Strickland*, 466 U.S. at 694.

[3] *Kennedy*, 225 F.3d at 1197.

(7) the "innocent" conduct of Mr. Jeter and his co-defendant, (8) Officer Salas' lack of knowledge regarding the "Rated R gang;" (9) the plausibility of Mr. Jeter and his co-defendants' explanation of their travel plans; (10) Officer Salas' stopping of vehicles with minority drivers, including Mr. Jeter's vehicle; (11) Officer Salas' comment to Mr. Jeter and his co-defendant about "playing ball;" (12) Officer Salas' failure to get consent for the search in writing; (13) Officer Salas' dog and its use; and (14) the removal of the carpet in Mr. Jeter's vehicle (and related actions).  The only issue not fully explored by Mr. Jeter's counsel relates to Officer Salas' history of traffic stops and arrests involving minorities.  Counsel touched on the concept of racial profiling and pretext stops during the cross examination, at which time the government requested additional time to bring in Officer Salas' history with regard to non-minorities.  Defense counsel pursued no further questioning about possible racial profiling.  This decision not to further pursue the issue simply does not bring counsel's conduct below any standard of objective reasonableness.  Further, Mr. Jeter has not shown (nor, apparently, could he show) that he suffered prejudice from the decision.

In other words, Mr. Jeter's counsel cross-examined Officer Salas in detail, comprehensively covering the officer's direct testimony as well as other relevant defense issues. That the court found Officer Salas' testimony to be credible nonetheless, in no way makes counsel's performance deficient.  In this case, it is plain that the court must deny Mr. Jeter's § 2255 motion — Mr. Jeter has simply failed to meet any part of his burden of proving ineffective assistance of counsel.  Indeed, to the contrary, the court believes that defense counsel did an effective job in this case — with the defendant's actions leaving very little material from which

to weave a defense.

## CONCLUSION

The court DENIES Mr. Jeter's § 2255 motion [#1]. The clerk's office is directed to close the case.

DATED this 27th day of June, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge